IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICE MONIQUE ADETORO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-8-BN |
| | § | |
| DRIVETIME CAR SALES | § | |
| COMPANY LLC d/b/a DRIVETIME | § | |
| and BRIDGECREST ACCEPTANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Drivetime Car Sales Company, LLC and Bridgecrest Acceptance Corporation filed a Motion to Compel Arbitration. *See* Dkt. No. 11.

Plaintiff Patrice Monique Adetoro filed a response, *see* Dkt. No. 22, and Defendants filed a reply, *see* Dkt. No. 23.

For the reasons explained below, the Court grants Defendants' Motion to Compel Arbitration [Dkt. No. 11] and dismisses this action with prejudice.

### Background

Defendants assert the following background:

In July, 2022, Plaintiff purchased a 2020 Hyundai Elantra sedan from, and financed the purchase of the car through, DriveTime. As part of that transaction, Plaintiff entered into several written agreements with DriveTime, including:
   (1) a Retail Purchase Agreement;
   (2) a Retail Installment Contract; and
   (3) an Arbitration Agreement.
   On its first page, the Arbitration Agreement contains the following notice:
   **NOTICE OF ARBITRATION AGREEMENT**

> **Unless you reject this Agreement, this Agreement provides that upon your or our election, all disputes between you and us described below will be resolved by BINDING ARBITRATION.**
>
> **If you or we elect arbitration, the disputes between you and us described below will be decided in ARBITRATION BY A NEUTRAL ARBITRATOR AND NOT IN COURT BY A JUDGE OR JURY. YOU WILL BE WAIVING YOUR RIGHTS TO A JURY TRIAL.**

Just below that notice, the Arbitration Agreement explicitly defines "Us/We/Our" to mean DriveTime CarSales Company, LLC, and any purchaser, assignee, agent, or servicer of the contracts, all of their parent companies, subsidiaries, affiliates, predecessors and successors, including Bridgecrest Acceptance Corporation.

Additionally, the Arbitration Agreement includes the following provision:

> <u>Agreement to Arbitrate</u>. Except as set forth below and unless prohibited by applicable law, at Your or Our election, any claim, dispute, or controversy arising from or relating to the Contracts or the relationship between You and Us ("Claim" or "Claims"), whether arising in contract, tort, pursuant to statute, regulation, ordinance, or in equity or otherwise, shall be resolved through binding and final arbitration instead of through court proceedings. This includes any past, present, or future disputes arising out of or relating to: (1) the Contracts, (2) the products or services covered by the Contracts, (3) the Vehicle, (4) Your purchase and/or financing of the Vehicle, including Your credit application and the financing terms, (5) advertisements, promotions, or oral or written statements related to the Contracts or the Vehicle, (6) Your personal information, (7) communications involving telephones, automatic dialing systems, artificial or prerecorded voice messages, text messages, emails or facsimile machines, (8) the collection or servicing of the Contracts, and (9) the relationship between You and Us resulting from any of the foregoing. A Claim includes disputes between or among You, Us, and/or any of Our affiliates and/or any of Our employees, officers, agents, successors, assigns, and/or against any third party providing any product or service in connection with the Contracts. [Additionally, any dispute relating to the validity, enforceability, interpretation, or scope of this Agreement, the arbitrability of any Claim, other gateway issues of arbitrability, or any alleged waiver of this

> > Agreement shall be exclusively resolved by the arbitrator and not by a court.]
>
> ….
>
> The Arbitration Agreement expressly states that the FAA will apply:
>
> > <u>Arbitration Procedure</u>. Any arbitration shall be administered by the American Arbitration Association ("AAA") (its rules may be obtained at any of its many offices nationwide or online at www.adr.org). If, for any reason, AAA is unable, unwilling, or ceases to be the administrator, either Party may choose a substitute administrator subject to the other's approval, which may not be unreasonably withheld. The applicable rules of the selected arbitration provider shall govern, except that, in the event of any inconsistency between those rules and this Agreement, this Agreement shall prevail. Claims shall be resolved by a single arbitrator in accordance with (i) the Federal Arbitration Act (the "FAA"); (ii) the selected arbitration provider's rules and procedures in effect at the time the claim is filed; and (iii) this Arbitration Agreement.
>
> The Arbitration Agreement expressly states that "[c]laims shall be resolved… in accordance with the FAA."

Dkt. No. 11 at 1-6 (footnotes omitted).

## Legal Standards

In enacting the Federal Arbitration Act ("FAA"), Congress "expressed a strong policy favoring arbitration." *J. S. & H. Const. Co. v. Richmond Cty. Hosp. Auth.*, 473 F.2d 212, 214-15 (5th Cir. 1973). The FAA provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 827 (S.D. Miss. 2001), *aff'd*, 34 F. App'x 964 (5th Cir. 2002).

A party may bring a motion to compel arbitration under the FAA, and a court must direct parties to arbitration if it is "satisfied that the making of the agreement

for arbitration ... is not in issue." 9 U.S.C. § 4; *see Matos v. AT&T Corp.*, No. 18-cv-2591-M-BK, 2019 WL 5191922, at \*2 (N.D. Tex. Sept. 9, 2019) ("[O]nce a court finds an agreement to arbitrate between the parties, the court is restricted to enforcing the agreement."), *rep. & rec. adopted*, 2019 WL 5191487 (N.D. Tex. Oct. 15, 2019).

Courts in the Fifth Circuit employ a two-step inquiry when determining a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (quoting *Webb*, 89 F.3d at 258); *accord OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam). "Only if the court finds there is an agreement to arbitrate does it consider the second step of whether any legal constraints render the claims nonarbitrable." *Edwards v. Conn Appliances, Inc.*, No. 3:14-cv-3529-K, 2015 WL 1893107, at \*2 (N.D. Tex. Apr. 24, 2015).

In determining whether the parties agreed to arbitrate the dispute at issue, courts must consider "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Safer*, 422 F.3d at 294 (citations omitted); *accord Webb*, 89 F.3d at 258.

In light of the strong federal policy favoring arbitration, "the Supreme Court

has held that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Safer*, 422 F.3d at 294 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

## Analysis

### I.   A valid arbitration agreement exists

The Court finds, as Defendants assert, that "[t]he Arbitration Agreement evidences DriveTime's offer to Plaintiff"; "Plaintiff's signature on the Arbitration Agreement evidences her acceptance of the Arbitration Agreement, her assent to the Arbitration Agreement, and her delivery of the contract with the intent that it be mutual and binding"; and "[t]he mutual promises by Plaintiff and Defendants in the Arbitration Agreement are sufficient consideration as a matter of law." Dkt. No. 11 at 5.

### II.   Adetoro's claims fail within the arbitration agreement's scope

And, as quoted above, the Agreement to Arbitrate clause covers Adetoro's claims in this action against Defendants, as Defendants lay out in their Motion to Compel Arbitration.

### III.   No legal constraints external to the agreement bar arbitration

Adetoro argues that she made an uninformed decision to the agreements with Defendants and therefore the Court should deny the Motion to Compel Arbitration because no agreement to arbitrate exists between her and Defendants. *See* Dkt. No. 22 at 1-2.

But these claims of fraudulent inducement are directed to the entire

agreements with Defendants. They cannot defeat the Motion to Compel Arbitration because, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). And, so, "[e]ven if this contract had been induced by fraud, the arbitration clause is enforceable unless the plaintiffs were fraudulently induced into agreeing to the arbitration clause itself." *Downer v. Siegel*, 489 F.3d 623, 627 (5th Cir. 2007) (footnote omitted).

Adetoro also explains that, "[r]ealizing that several pieces of information on the agreement [were] misleading, such as the misleading financing, down payment and who Plaintiff was actually entering into an agreement with, Plaintiff made a decision to exercise the right of recission in accordance to the [Truth in Lending Act] subsection C section 1026.23, which gives consumers 3 days to rescind certain transactions when given proper disclosures and 3 years when material disclosures are not delivered." Dkt. No. 22 at 2-3. And Adetoro attaches a notice of recission that she states that she mailed on July 20, 2022. *See id.*; Dkt. No. 22-1. She asserts that she "exercise[d] the right to rescind in accordance with the Truth in Lending Act, which rendered any agreements that took place on July 19, 2022 null and void which includes any agreement to Arbitration." Dkt. No. 22 at 3.

But, "where parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator. Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general

attacks on the agreement are for the arbitrator." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003) (footnotes omitted).

Because Adetoro makes no attack of the Arbitration Agreement on any independent basis and instead makes general attacks on all three of her agreements with Defendants, her alleged rescission of the agreements does not provide a basis to deny the Motion to Compel Arbitration.

And, because, as Defendants argue, the Arbitration Agreement between Adetoro and Defendants contains a delegation clause that evidences the intent and agreement of the parties to arbitrate threshold issues, Adetoro's challenges to the enforceability of the entire agreements between her and Defendants are matters for an arbitrator. *See Arnold v. Homeaway, Inc.*, 890 F.3d 546, 551-54 (5th Cir. 2018); *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201-04 (5th Cir. 2016).

### IV.   This action should be dismissed with prejudice

As to whether to stay or dismiss this action pending arbitration, as another judge in this district has explained, "Section 3 of the Federal Arbitration Act ('FAA'), 9 U.S.C. §§ 1-16, provides for a stay pending arbitration; however, as the Fifth Circuit [has] … explained regarding binding precedent in this Circuit, 'dismissal may be appropriate when all of the issues raised in the district court must be submitted to arbitration." *Greenwood v. Cottonwood Fin., Ltd.*, No. 3:21-cv-2459-L, 2022 WL 3754706, at *3 (N.D. Tex. Aug. 30, 2022) (cleaned up). "The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based

on the grounds set forth in the FAA." *Id.*

Here, as in that case, "all claims in this action are subject to arbitration," and so the Court "determines that there is no reason for it to retain jurisdiction over the action," *id.*, and that this action should be dismissed with prejudice, *accord Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164-65 (5th Cir. 1992).

## Conclusion

For the reasons explained above, the Court GRANTS Defendants Drivetime Car Sales Company, LLC and Bridgecrest Acceptance Corporation's Motion to Compel Arbitration [Dkt. No. 11] and ORDERS that Plaintiff Patrice Monique Adetoro must arbitrate to completion her claims against Defendants Drivetime Car Sales Company, LLC and Bridgecrest Acceptance Corporation in accordance with the parties' agreement to arbitrate and that this action is dismissed with prejudice.

The Court will separately enter a judgment.

SO ORDERED.

DATED: June 23, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE